MARY D. BRYAN, Executrix, &c., Respondent, *v.* DANIEL A. BALDWIN, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, JUNE, 1872.)

A pledgee who purchases the pledge at public sale is not chargeable with conversion.

If the purchase is invalid, the relations of pledgor and pledgee are unchanged.

Where stock, pledged as collateral to a note, due at a certain day, with authority to sell on default, was sold by direction of the pledgee, and purchased by him, at public auction, after two days' written notice of the time and place had been left, in the absence of the pledgor, at his office, with a person in charge thereof:

*Held*, that the pledgee became legally vested with the title and the pledgor could not offset the actual value of the stock against the pledgee's claim for the balance of the note.

The opinion of SHAW, J., in *Granite Bank* v. *Ayers* (16 Pick., 392) upon the sufficiency of the notice of sale approved and followed.

THIS was an appeal by the defendant from a judgment for the plaintiff, entered upon the decision of a judge at Special Term.

The action was brought by plaintiff as indorsee to recover a balance claimed upon a promissory note, which was set forth in the complaint as follows, viz. :

" $7,266.95.                    NEW YORK, *August* 24*th*, 1866.

" On or before the fifteenth day of November next I promise to pay Silas M. Stilwell, or order, $7,266.95, for value received, with interest at the rate of seven per cent per annum, having deposited with him as collateral security (with authority to sell the same on the non-performance of this promise) 2,000 shares of the capital stock of the New York Guano Company.

"D. A. BALDWIN."

The complaint also alleged sale, upon default in payment of the note and due notice of time and place, of the stock for $1,928.50 on the 9th May, 1867, and demanded judgment for the balance of the note.

The answer denied notice of the sale, and alleged that it had been wrongfully and unlawfully made on the day mentioned in the complaint without demand of payment of the note or notice to redeem the stocks, or notice of the time and place of sale.

It also set up as a counter-claim that the value of the stock was much greater than the sum realized upon its sale, and claimed judgment for that sum less the amount of the note, and denied any existing indebtedness on the note, and also denied that any part of the note had been paid. The plaintiff replied, denying the counter-claim.

It appeared that the plaintiff, through his attorney, on the 7th May, 1867, caused a notice to be left at the office of the defendant, in the latter's absence, by a person in charge, by a clerk who had not been able to find the defendant there upon several attempts to do so. The notice was as follows:

"D. A. BALDWIN, Esq.: *Dear Sir*.—The stock of the New York Guano Company, which I hold as collateral to your note, will be sold on the 9th inst. by A. H. Nicolay, at 111 Broadway, Exchange Salesroom, as per annexed advertisement.

"Yours, etc.,                    E. SPROUT."

Accompanying the notice was served at the same time an advertisement of the sales of Nicolay as auctioneer, and signed by him, for the day named in the notice, which included the stock in question; but the defendant swore that he had no recollection of receiving the notice, and the court found that he had no personal notice.

The plaintiff also proved by the attorney that the defendant had been informed previously that his stock would be sold if the note was not paid.

The sale was made pursuant to the notice and the stock was purchased by the plaintiff, as alleged in the complaint.

The court found that the note had not been paid nor any part of it, and that the collateral security had not been converted by the plaintiff, and gave judgment for the face of the note and interest, and costs.

Bryan v. Baldwin.

*H. M. Ruggles*, for the appellant.

*E. Sprout*, for the respondent.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. We agree with the court below, that the evidence did not make out a conversion of the stock. If the sale was ineffectual to change the title to the stock, such title remained vested as it was before the sale. The court acted on the assumption that the sale was made without notice to the defendant. If this assumption had been correct, the sale would have been a nullity, unless the defendant afterward ratified it. The defendant, however, denies the validity of the sale, and so in effect repudiates the transaction, while at the same time he seeks to make the plaintiff liable for a conversion of the stock, by means of that sale. This he cannot do. The law will not permit a party thus to blow hot and cold. If the defendant had a right to disavow the sale, his election to do so rendered it inoperative, and the stock would thenceforth be held by the plaintiff, upon the terms of the original deposit, viz., as security for the payment of the defendant's indebtedness. When that should be paid, the defendant would be entitled to a return of the stock.

But we are of opinion that the sale was in all respects regular, and that thereby the title to the stock became legally vested in the plaintiff. The only objection taken against the validity of the sale rests upon the allegation that the defendant was not properly notified thereof. The evidence uncontradicted is, that a formal written notice of the sale, with a copy of the advertisement thereof annexed, signed by the auctioneer by whom the sale was made, was left at the place of business of the defendant, with a person in charge thereof, two days before the sale. The defendant testified that he had no recollection of having received the notice. This may have been owing to his own act. Whether it was or not, the notice ought to be held sufficient, in the absence of any proof, creat-

ing an obligation on the plaintiff to adopt another manner of service. A notice of the dishonor of a promissory note, left at the dwelling or place of business of the indorser, is sufficient to charge the latter (1 Pars. on Notes, chap. 12, § 3) upon the principle that if the person to whom the note is addressed is absent, it is to be presumed that he will leave some person charged with the care of his business, or at least some one between whom and himself there is a privity or confidence. (*Granite Bank* v. *Ayers*, 16 Pick., 392.) In the case cited, SHAW, Ch. J., lays down the rule that " all notices at one's domicile, and all notices respecting transactions of a commercial nature at one's known place of business, are deemed in law to be good constructive notice, and to have the legal effect of actual notice."

No argument is needed to show that such a rule is approved by good sense, and indeed is founded in commercial necessity. If the defendant left no one at his place of business to attend to his affairs, it is and ought to be his own loss.

The judgment should be affirmed, with costs.

Judgment affirmed.